# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

────────

No. 13-60107

────────

United States Court of Appeals
Fifth Circuit

**FILED**

February 7, 2014

Lyle W. Cayce
Clerk

ROBERT ANTHONY HUBBARD,

Plaintiff−Appellant,

versus

BOLIVAR COUNTY CORRECTIONAL FACILITY;
CAPTAIN GATLON, Chief of Security;
SERGEANT REYNOLDS, Shift Supervisor,

Defendants−Appellees.

────────────────

Appeal from the United States District Court
for the Northern District of Mississippi
No. 2:12-CV-96

────────────────

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Robert Hubbard, Mississippi prisoner # 109084, moves for leave to

────────────────

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60107

proceed *in forma pauperis* ("IFP") on appeal from the dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e). The district court concluded that Hubbard's claims were based only on allegations of negligence. Hubbard's request for IFP status was denied, and the court certified that an appeal would not be taken in good faith. By moving to proceed IFP on appeal, Hubbard challenges that certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Hubbard provides only conclusional contentions, without citations to the record or reference to any relevant legal authorities, that the district court erred and that he alleged more than negligence. His appeal fails to set forth any issue of arguable legal merit and is therefore frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). The motion to proceed IFP is denied, and the appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2.

The district court's dismissal of his complaint for failure to state a claim and the dismissal of this appeal count as two strikes under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Hubbard has one previous strike. *See Hubbard v. Carroll-Montgomery Reg'l Corr. Facility*, No. 4:10-CV-157 (N.D. Miss. Sept. 7, 2011). Hubbard has now accumulated three strikes; therefore, he is barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).